**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YAVE BLANDINO GARCIA CORTEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>TSG 89 CORP. (d/b/a MIDNIGHT EXPRESS DINER), GEORGE SANTIS and ALEX SANTIS<br><br>*Defendants.* | 16-cv-09017-GBD<br><br>**SETTLEMENT AGREEMENT<br>AND<br>RELEASE** |

   This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff YAVE BLANDINO GARCIA CORTEZ ("Plaintiff") on the one hand, and TSG 89 CORP. (d/b/a MIDNIGHT EXPRESS DINER) (the "Defendant Corporation"), GEORGE SANTIS and ALEX SANTIS (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

   WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

   WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 16-cv-9017 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

   WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

   WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

   1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifteen Thousand Dollars ($15,000) (the "Settlement Amount") to be paid by check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," and delivered to Plaintiff's counsel upon execution

1231196.1

of this agreement for immediate deposit. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

2(a).   Once the settlement check clears Plaintiff's counsel's escrow account for Plaintiff, Plaintiff shall submit the agreement to the Court for approval and the dismissal of the case.

2(b).   Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

Payment set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

3.   <u>Release and Covenant Not To Sue</u>:   Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

4.   <u>No Admission of Wrongdoing</u>:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.   <u>Modification of the Agreement</u>:   This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6.   <u>Acknowledgment</u>:   Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Andreas Koutsoudakis, Esq.
**Law Office of A. Koutsoudakis, PLLC**
51 Shiloh Street
Staten Island, NY 10314
Phone: (917) 418-7390
Fax: (855) 808-2111
Email: akoutsoudakis@gmail.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and General Release has been translated to him in Spanish and that he understands the terms of this Agreement and he is signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>Plaintiff:</u>

By: _____
       YAVE BLANDINO GARCIA CORTEZ

<u>Defendants:</u>

TSG 89 CORP. (d/b/a MIDNIGHT EXPRESS DINER)

By: _Ari Santis_____
Print Name X_____
Title _Manager_____

By: X_____
        GEORGE SANTIS

By: X_____
        ARI SANTIS (incorrectly named
        as "ALEX SANTIS")

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>Plaintiff:</u>

By: _____
     YAVE BLANDINO GARCIA CORTEZ

<u>Defendants:</u>

TSG 89 CORP. (d/b/a MIDNIGHT EXPRESS DINER)

By: _____

Print Name _____

Title _____


By: _____
     GEORGE SANTIS


By: _____
     ARI SANTIS (incorrectly named
     as "ALEX SANTIS")